IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LORNA MOSETI, #77629-083,           § | | |
| Petitioner,      § | | |
| § | | |
| v.           § | | 3:13-CV-3562-M-BK |
| § | | (3:11-CR-0017-M-1) |
| UNITED STATES OF AMERICA,         § | | |
| Respondent.      § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a federal prisoner, filed a *pro se* motion to correct sentence pursuant to 28 U.S.C. § 2255(f)(3), which was reclassified as a first motion to vacate sentence under 28 U.S.C. § 2255.[1] For the reasons that follow, it is recommended that this action be summarily dismissed.

**I. BACKGROUND**

Petitioner was convicted of conspiracy to commit mail fraud and wire fraud, and was sentenced to 120 months' imprisonment and a two-year term of supervised release, and ordered to pay $1,502,940.53 in restitution. *United States v. Moseti*, 3:11-CR-017-M-1 (N.D. Tex. Apr. 18, 2012), *appeal dismissed based on Anders v. California*, No. 12-10418 (5th Cir. Jul. 22, 2013). In the sole ground raised in this timely section 2255 motion, Petitioner contends that her sentence should be calculated on the basis of the "2006 Guidelines for fraud." (Doc. 2 at 1). She asserts the recent Supreme Court's decision in *Peugh v. United States*, ––– U.S. –––, 133 S. Ct. 2072 (June 10, 2013), is applicable retroactively to her section 2255 motion. *Id.* at 3-4.

---

[1] Despite being warned of the potential consequences, Petitioner did not withdraw or amend her section 2255 motion as permitted by the Court's September 6, 2013 Order [Doc. 3]. *See Castro v. United States*, 540 U.S. 375 (2003) (requiring court to grant opportunity to amend when re-characterizing a *pro se* litigant's pleadings as a first section 2255 motion).

1

## II. ANALYSIS

This section 2255 motion is subject to summary dismissal. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a petitioner stands fairly and finally convicted. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*)). Under 28 U.S.C. § 2255, a petitioner can collaterally challenge his conviction only on constitutional or jurisdictional grounds. *See United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

Petitioner's allegation that the Sentencing Guidelines were misapplied in her case does not give rise to a constitutional issue cognizable under section 2255. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (citing *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994); *United States v. Faubion*, 19 F.3d 226, 233 (5th Cir. 1994)). Under section 2255, a petitioner may raise only constitutional errors and other injuries that could not have been raised on direct appeal and that will result in a miscarriage of justice if left unaddressed. *Faubion*, 19 F.3d at 233 (defendant's claim that the district court erred in making upward departure under Sentencing Guidelines could not be considered in postconviction proceeding to vacate, set aside, or correct sentence).

Nevertheless, contrary to Petitioner's assertion, *Peugh* is inapplicable to the instant case. *Peugh* held that "[a] retrospective increase in the Guidelines range applicable to a defendant

2

creates a sufficient risk of a higher sentence to constitute an *ex post facto* violation." *Peugh*, 133 S. Ct. at 2084. The Supreme Court's holding, however, does not apply retroactively on collateral review. *See Hawkins v. United States*, 724 F.3d 915, 917-18 (7th Cir. 2013) ("the implication is that the rule announced in *Peugh* [which is a procedural one] won't be applied retroactively.") Moreover, at sentencing, the Court granted a substantial downward departure and ordered restitution based on the amount stipulated by Petitioner. *See* Sentencing Tr., Doc. 103, at 49-53; Defendant's Objection to Presentence Report, Doc. 74, at 5. Accordingly, Petitioner's claim fails.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28 U.S.C. § 2255 be summarily **DISMISSED** with prejudice. *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

SIGNED October 17, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

  A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE