IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LORNA MOSETI, #77629-083 | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:13-CV-3562-M-BK |
| | § | (3:11-CR-0017-M-1) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made Findings, Conclusions, and a Recommendation in this case.  Petitioner filed objections November 1, 2013, and the District Court has made a *de novo* review of those portions of the proposed Findings and Recommendation to which objection was made.

Petitioner reiterates her claims based on *Peugh v. United States*, ⸺ U.S. ⸺, 133 S. Ct. 2072 (Jun. 10, 2013), and objects to the Magistrate Judge's findings that *Peugh* does not apply retroactively on collateral review.  In support of the latter, she argues that the "sentencing error" in her case "creates a complete miscarriage of justice and substantial harm, that [the] error begins to look much like a constitutional error." (Doc. 5 at 4).  Yet, Petitioner does not cite any cases that have applied *Peugh* retroactively on collateral review.  *Id.* at 4-6.

Next, Petitioner seeks to raise a new claim based on *Alleyne v. United States*, ___U.S. ___, 133 S. Ct. 2151 (Jun. 17, 2013).  In *Alleyne*, the Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is an "element" of the criminal offense that must be proven beyond a reasonable doubt by submission to the jury.  *Id.* at 2155.  However,

the crime to which Petitioner pled guilty did not have a mandatory minimum sentence. *See* Statement of Reasons, Doc. 88 in criminal case, ¶ II. In addition, Petitioner was sentenced to 120 months, well below the statutory maximum of 20 years. *See* Presentence Investigation Report, Doc. 70-1 in criminal case, ¶ 108-09.

Nevertheless, *Alleyne* does not apply retroactively on collateral review. The Court resolved *Alleyne* on direct, rather than collateral review, and it did not declare that its new rule applied retroactively on collateral attack. *See Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) (addressing retroactivity of *Alleyne* in context of a successive 2255 motion under 28 U.S.C. § 2255(h)(2)). Indeed, "*Alleyne* is an extension of *Apprendi v. New Jersey,* 530 U.S. 466 (2000)," and the Supreme Court has previously "decided that other rules based on *Apprendi* do not apply retroactively on collateral review." *Simpson*, 721 F.3d at 876 (citing *Schriro v. Summerlin,* 542 U.S. 348 (2004)).

Moreover, a new rule of constitutional procedure decided after a defendant's conviction becomes final may not be applied to that defendant's case on collateral review. *Teague v. Lane*, 489 U.S. 288, 310 (1989). While there are two exceptions to *Teague*, *Alleyne* falls within neither of them. *Schriro*, 542 U.S. at 351-352 (summarizing *Teague*'s non-retroactivity rule). *Alleyne* did not announce a new "substantive" rule, that is, it did not place any individual conduct beyond the power of the United States to punish, nor did it prohibit the imposition of any type of punishment. *Id*. at 352. In addition, the rule announced in *Alleyne* does not qualify as a "watershed rule of criminal procedure, implicating the fundamental fairness and accuracy of the criminal proceeding." *Id.* Therefore, *Alleyne* does not apply retroactively. *See Simpson*, 721 F.3d at 876 (holding, in context of a successive 2255 motion, that *Alleyne*'s new rule is not likely to be found retroactively applicable by the Supreme Court); *In re Payne*, ___ F.3d ___, 2013 WL

5200425 (10th Cir. Sept. 17, 2013) (same); *United States v. Moore*, No. 3:13-CV-3567-P (N.D. Tex. Oct. 21, 2013), *appeal pending*, No. 13-11177 (holding *Alleyne* does not apply retroactively to a timely section 2255 motion).

Therefore, Petitioner's objections are **OVERRULED**, and the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

IT IS THEREFORE ORDERED that the motion to vacate sentence under 28 U.S.C. § 2255 is summarily **DISMISSED** with prejudice.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Sections 2254 and 2255 Proceedings in the United States District Court, and 28 U.S.C. § 2253(c), the Court **DENIES** a certificate of appealability. The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions and Recommendation filed in this case in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[1]

---

[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Proceedings reads as follows:

> **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
>
> **(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

If petitioner files a notice of appeal,

( )  petitioner may proceed *in forma pauperis* on appeal.

(X)  petitioner must pay the $455.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

SO ORDERED this 25th day of November, 2013.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS